### GERARD v. COWPERTHWAIT.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

**1. APPEAL—REVIEW—OFFERS TO PROVE FACTS.**
    Though the appellate court will not, as a rule, review exceptions taken to mere offers to prove facts, if it appears that the offers were made in good faith, and for the purpose of facilitating the business of the court, and with its sanction, and that the opposite party did not at the time object, the appellate court will determine the case on such exceptions, as if they had been to testimony offered and excluded.

**2. PAROL EVIDENCE—CONDITION OF BOND.**
    Defendant executed a bond in a certain sum, conditioned to be void if he should pay the premiums on a life insurance policy taken out by B. for plaintiff's benefit, to secure an indebtedness from B. to plaintiff. *Held*, in an action to recover the penalty of the bond for a forfeiture thereof by reason of defendant's failure to pay a premium, that evidence of an oral agreement between defendant and plaintiff that the bond was conditioned on plaintiff's forbearance to bring suit against B. for the enforcement of the debt mentioned in the bond was inadmissible as tending to add new terms to the contract.

**3. ACTION ON BOND—MEASURE OF DAMAGES.**
    Where defendant failed to pay a premium when it became due, and the policy thereby lapsed and became void, the measure of damages for which he was liable was not the amount of the premium which he had failed to pay, but the whole amount of penalty stipulated in the bond, since his action constituted a total breach of the contract.

Appeal from special term.

Action by James W. Gerard against Frank H. Cowperthwait to recover damages for a breach of contract. From an order denying a motion for a new trial, made after a verdict directed for plaintiff by the court, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Putney & Bishop, for appellant.

H. Kettell, for respondent.

BOOKSTAVER, J. This action was brought upon a bond given by the appellant, which, after the formal parts, recited that one William Boswell was indebted to the respondent in the sum of $40,000 and upwards, and that, in order to secure the payment of that sum, Boswell had applied for a policy of insurance to the Equitable Life Assurance Society for $40,000, payable on his death to the respondent; and further recited that "whereas, the above-bounden Frank H. Cowperthwait has agreed and does hereby agree, in consideration of the sum of one dollar to him in hand paid, the receipt whereof is hereby acknowledged, to pay the premiums of insurance on the said policy as the same may become due from time to time." The condition of the bond was that, if the appellant should pay the premiums upon the policy as they became due, then the obligation should be void. A number of defenses were set up in the answer, but upon the trial the appellant rested his defense solely upon the ground that the bond was given upon condition and in consideration that the respondent would forbear to take or avail himself of any legal proceedings against Boswell for the enforcement of any rights or remedies which he had against him by reason of his indebtedness to respondent, or by reason of any matter relating thereto. After the respondent had rested, the trial judge, entertaining the opinion that such matters constitute no defense to the bond, permitted the defendant to make offers of proof, instead of calling witnesses, whereupon the defendant offered to prove that at the time he made and delivered the bond the plaintiff upon his part agreed orally that if the defendant would make and deliver to him such bond, he would forbear to take or avail himself of any legal proceedings against Boswell for the enforcement of any rights or remedies which he had against him by reason of the indebtedness of Boswell to the plaintiff, or any part thereof, or by reason of any matter relating thereto. He also offered to prove that the plaintiff agreed that he would forbear so long as he, the defendant, continued to pay the premiums mentioned in the bond. He also offered to show that the agreement stated in the last two offers was the only consideration given for the bond. He also offered to show that at the time of the delivery of the bond no money consideration was given. He further offered to show that, before default made in the payment of premiums, the plaintiff entered up a judgment against William Boswell for the sum of $41,356.36, and docketed the same; the judgment being one entered upon confession. The evidence under each of these offers was rejected, and the defendant excepted. The court then directed a

verdict for $10,000, with interest from March 17, 1891, and declined to instruct the jury that they were to take into consideration the paid-up policy received by the plaintiff; and also declined to charge that the plaintiff could recover in this action only the amount of premiums in default at the time of the enforcement of the action.

Upon this appeal the respondent contends that the questions intended to be presented to the court should not be considered, because they are raised by exceptions to the exclusion of offers merely, and are not based upon testimony actually offered and excluded. While it is quite true that this court will not, as a rule, review exceptions taken to mere offers, yet an inspection of this case convinces us that the offers were made in absolute good faith, and for the purpose of facilitating the business of the court, and with its sanction, to which the respondent did not at the time raise any objection; hence we think that in this particular case we are justified in departing from the rule, and should determine the case upon the exceptions, as if they had been to testimony actually offered and excluded. At common law the want of consideration might be shown to defeat a recovery on all executory instruments not under seal, whatever might be the recitals contained therein. Anthony v. Harrison, 14 Hun, 198, affirmed 74 N. Y. 613. By Rev. St. (Orig. Ed.) pt. 3, c. 7, tit. 3, art. 8, § 77, it was provided that "in every action under a sealed instrument, and where a set-off is founded upon any sealed instrument, the seal thereof shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner, and to the same extent, as if such instrument were not sealed." But in Calkins v. Long, 22 Barb. 97, it was held that this only applied to actions and set-offs founded on the sealed instruments. This rule of law was extended by section 840 of the Code of Civil Procedure, which provided that "a seal upon an executory instrument hereafter executed is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument were not sealed." Indeed, before the passage of this provision of the Code, and as far back as 1836, in the leading case of McCrea v. Purmort, 16 Wend. 460, it was decided that the consideration clause in a deed—that is, the clause acknowledging the receipt of a certain sum of money as the consideration of the conveyance or transfer—was open to explanation by parol proof; and in that case it was decided that, although the consideration in a deed conveying land was expressed to be money paid, it could be shown be parol evidence that the consideration, instead of money, was iron of a specified quality, valued at a stipulated price. And under many decisions since then it has been established beyond controversy that the consideration clause of an executory contract may always be inquired into, whether under seal or not. The only difference between written contracts, as far as the consideration clause is concerned, being that where they are under seal there is presumption of consideration which may be rebutted or overcome; but, if the contract is not under seal, then the plaintiff must affirmatively establish the consideration aliunde the writing. Vanderbilt v. Schreyer, 91 N. Y. 399; Insurance Co. v. Watson, 59 N. Y. 390; Best v. Thiel, 79 N. Y. 15; Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. Rep. 352; Park-

hurst .v. Higgins, 38 Hun, 113. But it is also as well settled, and just as fundamental and familiar a rule of law in this state, that, if a paper appear on its face to be a complete contract, then, in the absence of fraud, accident, or mistake, parol evidence is inadmissible to enlarge its terms, the conclusive presumption of law being that such paper embodies the entire agreement of the parties; and whether or not the writing upon its face be a complete expression of the parties is for determination by the court. Store-Service Co. v. Hartung, (Com. Pl. N. Y.) 18 N. Y. Supp. 143, reargued 19 N. Y. Supp. 233; Harrison v. McCormick, 89 Cal. 327, 26 Pac. Rep. 830; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. Rep. 961; Eighmie v. Taylor, 98 N. Y. 288; Dent v. Steamship Co., 49 N. Y. 390; Seitz v. Machine Co., 141 U. S. 510, 12 Sup. Ct. Rep. 46. In the latter case, Fuller, C. J., stated the rule as follows:

"Undoubtedly the existence of a separate oral agreement as to any matter on which the original contract is silent, and which is not inconsistent with its terms, may be proved by parol, if, under the circumstances of the particular case, it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the contract applies; that is, it must not be so closely connected with the principal transaction as to form a part and parcel of it. When the writing itself upon its face is concluded in such terms as import a complete legal obligation, without any uncertainty as to the object and extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing."

The question, therefore, to be determined in this case is whether the offers made by the appellant upon the trial related to the consideration of the instrument merely, or whether, under color of inquiring into such a consideration, it was really intended to add another term to the contract itself, and one which, if established, would render the writing inoperative. On looking at the instrument, it is apparent that it contains every essential of a complete undertaking to do a specific act, without any other condition than that expressed therein. It recites the indebtedness of Boswell to Gerard, and declares that the object of procuring the policy of insurance was to secure the payment of that indebtedness; and the appellant undertook, in consideration of the sum of one dollar, to him in hand paid, the receipt whereof was acknowledged, to pay the premiums of insurance on the policy as the same became due from time to time. It is manifest, therefore, that the appellant knew of the indebtedness, and knew that the obligee had a perfect right at any time to pursue all legal methods, civil or criminal, for the enforcement of his just debt. If he had intended to pay the premiums only in case the obligee forbore to exercise his legal rights, it is clear that he should have made that a condition of his agreement, and not rested upon a parol promise of the obligee not to pursue his legal remedies. To permit him to show that now would be to introduce a new term in the agreement between the parties; and that, as appellant himself contends, in order to render it completely inoperative. We think the offers savored much more of an attempt to import a new condition into the instrument than to show the consideration thereof. That this is so we think will be clearer from an illustration: Suppose that A. desires to provide for the

support of B., a widow, during life or widowhood, and to this end enters into an agreement in writing with C. that he will pay a certain sum monthly for the support of B. during life. If B. should thereafter marry, could it be contended that A. could show by parol that one of the terms of the contract was that he should only pay C. during widowhood? But in the case under consideration the appellant undertakes to pay the premiums upon the policy upon Boswell's life as they fall due, and the only condition he provides for in the bond to render it inoperative is that he shall pay or caused to be paid to the insuring society the just and full sum of the amount of any premium or premiums which may become due at any time or times thereafter. If the defendant desired to render the instrument void upon the condition that the obligee was not to take legal proceedings, then he ought to have so provided in the condition, or in the recitals, or other part of the bond. But such a condition is nowhere hinted at, and we think the offers were therefore properly excluded. Cocks v. Barker, 49 N. Y. 110; Worrall v. Munn, 5 N. Y. 229; Gilbert v. Insurance Co., 23 Wend. 43. In Wilson v. Deen, 74 N. Y. 531, which was an action brought by a lessee and her surety against a lessor to obtain the cancellation of the lease, which contained no covenant as to additions to the furniture, which was known to the lessee when she signed it, and which the lessee, upon the execution of the lease, promised to complete, but neglected to do, the court refused to cancel the lease, and Rapallo, J., in rendering the decision said:

"Both at common law and in equity, one who sets his hand and seal to a written instrument, knowing its contents, cannot be permitted to set up that he did so in reliance upon some verbal stipulation, made at the time, relating to the same subject, and qualifying or varying the instrument which he thus signs;" citing Coon v. Knap, 8 N. Y. 405.

As before shown, either party is at liberty to show, for any purpose except to prevent its operating, whether the writing is under seal or not, that its consideration was different, greater, or larger than that named in it, or not wholly or at all pecuniary, in a suit by the vendor against the vendee to recover the actual consideration agreed to be paid, or in a suit brought by the vendee against the vendor on the covenants of a seisin or against incumbrances. Bingham v. Weiderwax, 1 N. Y. 514, Barker v. Bradley, 42 N. Y. 320. Where a receipt is part and parcel of a contract, it cannot be contradicted to defeat the contract itself. Wood v. Chapin, 13 N. Y. 517. And in McCrea v. Purmort, supra, it was held that a mere receipt can be inquired into, because it is only evidence of the fact of payment; but where the acknowledgment of a receipt of the consideration is part of the instrument which is used to prove a right vested, created, or extinguished, no evidence can be admitted which will prevent the operative effect of the contract. See, also, Halliday v. Hart, 30 N. Y. 474; Marsh v. McNair, 99 N. Y. 180, 1 N. E. Rep. 660; Hinckley v. Railroad Co., 56 N. Y. 429; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. Rep. 297. In Marsh v. McNair, supra, it was claimed that a certain assignment was in fact given as collateral security for an indebtedness, but it was held that, in the absence

of any claim of fraud or mutual mistake as to the contents of the assignment, the plaintiff was concluded thereby, and oral evidence was incompetent to show that it was executed as collateral security merely; and in the course of his opinion, Earl, J., said:

"It is believed that no case can be found where parol evidence has been received for the purpose of showing that such an instrument was given merely as collateral security, and not for the precise purpose mentioned in it;" citing cases.

And in Coon v. Knap, supra, it was held that a receipt may be explained as to the consideration part when the explanation is not contradictory to, but consistent with, the instrument. When a receipt is in the nature of a contract, it falls within the general rules applicable to contracts. In a number of the cases cited by the appellant there was either no consideration expressed in the instrument itself, or the seal was replied upon as importing a consideration, or a guaranty or other matter was incorporated into another instrument, but not essential to the validity of that instrument, (as in Vanderbilt v. Schreyer, 91 N. Y. 392.) Parkhurst v. Higgins, 38 Hun, 113, was an action to foreclose a mortgage conditioned for the payment of a sum of money, which was stated in the mortgage to be for the purchase money of the premises described therein. This statement was found to be without foundation in fact, and it was also found that at the time of the execution of the instrument there was an agreement that it should have no validity or effect, and should never be collected. These facts were proved by the declarations of the parties, and the question upon the appeal was whether or not such declarations were properly admitted in evidence, and the judgment was upheld upon the ground that they were, and we do not think it touches the question under consideration. Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. Rep. 352, related to a subscription paper to pay off the mortgage debt of a church. So far as appears from the report of the case, the instrument was not under seal, and nowhere in the course of the opinion is that fact discussed or even alluded to. We therefore think the learned judge who tried the case below committed no error in excluding the testimony offered by the appellant, and that he properly directed judgment in favor of the plaintiff.

But, even if the offers had been accepted, the only breach of the condition which might possibly have been established by them which was attempted to be shown was that, after the bond had been executed, and certain premiums paid, the plaintiff docketed a judgment against Boswell for the sum of $41,356.36 upon the latter's confession. This confession was the act of Boswell, and not of the respondent, and it may be well questioned whether such an act would have amounted to a breach of the condition if established. But appellant contends that, even if judgment was properly directed in favor of the plaintiff, it was for too large an amount, and should have been for the sum of $1,458.-40 only,—being the amount of the premium which became due March 17, 1891. But the bond was conditioned upon the appellant's "paying the amount of any premium or premiums which may become due at

any time or. times hereafter upon the above-mentioned policy within the times required or to be required by the rules of said society. Should the said William Boswell comply fully with all requirements and con- ditions of said policy of insurance, then that the above application to be void; otherwise to remain in full force and virtue." This was an entire contract, of which there was a total breach by reason of the non- payment of the premium, and therefore full and final damages are re- coverable. Schell v. Plumb, 55 N. Y. 592. In that case the contract was to support plaintiff during her life, and the court said: "That was a continuing contract during that period; but the contract was entire, and the total breach put an end to it, and gave plaintiff the right to recover an equivalent in damages, which equivalent was the present value of the contract." Shaffer v. Lee, 8 Barb. 412, was cited in that case, where there was a bond to furnish obligee and wife with necessary meat during their lives, wherein it was held there was an entire con- tract and a failure to provide caused a total breach, and that full and final damages might be recovered for the future as well as the past. See, also, Dresser v. Dresser, 35 Barb. 573; Wakeman v. Manufactur- ing Co., 101 N. Y. 205, 4 N. E. Rep. 264.

In this case Cowperthwait agreed to pay the premiums on the policy of insurance described in the bond when they became due. He failed to pay the March premium, and the policy, in consequence of that fail- ure, lapsed and was void. No premium could become payable there- on at any time thereafter. The breach of the contract on his part was, of necessity, total, and the plaintiff must recover in this action his full and final damages. Besides, the loss of the policy was the natural and approximate result of the failure of the appellant to pay the premium. Had he done so, the policy would now be alive. It became inoperative on his failure to pay the March premium. In such case the damages are the value of the policy. People v. Security, etc., Co., 78 N. Y. 115. The appellant had full knowledge of the special circumstances affecting the question of damages, and that his breach would cause the policy to lapse; and we must therefore infer that the contract was entered into up- on the basis of these facts, and that the parties had contemplated them in fixing the amount of the damages defendant was to pay at $10,000. Booth v. Rolling Mill Co., 60 N. Y. 487; Grindle v. Express Co., 67 Me. 317. The direct consequences of a breach of contract are always compensated, and here they were the loss of the policy. Eten v. Luy- ster, 60 N. Y. 252; Starbird v. Barrows, 62 N. Y. 618; Devlin v. Mayor, etc , 63 N. Y. 25; Ward v. Railroad Co., 47 N. Y. 32. The value of the policy at the time of the default was such sum as it would cost to replace it; hence the exception to the question, "what would have been the charge for a paid-up policy of $40,000 on the life of Boswell at that date?" was not well taken, and, as the answer shows that it was much larger than the amount of the verdict directed, the appellant was not in any way injured thereby, even if it were erroneous. The instrument is not one of indemnity, but a bond, by which the defendant bound him- self to do certain acts, to wit, to pay premiums on the policy as they should become due. To such a bond non damnificatus cannot be pleaded.

Gilbert v. Wiman, 1 N. Y. 550; Rector v. Higgins, 48 N. Y. 532; Seligman v. Dudley, 14 Hun, 186; Belloni v. Freeborn, 63 N. Y. 383; Kohler v. Matlage, 72 N. Y. 266. The court did not err in refusing to deduct the amount of the paid-up policy from the verdict directed against the defendant, as after the deduction the damage to the plaintiff was much more than the entire face of the bond. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.