(7 Misc. Rep. 700.)

UNION STOVE WORKS v. ARNOUX.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. ACTION ON CONTRACT—AGREEMENT TO PAY ON APPROVAL BY THIRD PERSON·
   In an action for work done under a contract by which defendant agreed to pay plaintiff on approval of the work by one C., it appeared that C. knew of the contract, and that he visited the building, where the work was done, every day. Defendant did not deny that C. had approved the work, but relied on the absence of direct evidence of approval. *Held*, that the evidence was sufficient to show by implication that C. had approved the work.

2. EVIDENCE—PAROL TO AFFECT WRITING.
   Where defendant agreed in writing to pay for work done by plaintiff on approval by one C., parol evidence is not admissible to show that it was intended that the approval should be in writing, as such evidence would vary the written agreement.

Appeal from city court, general term.

Action by the Union Stove Works against William H. Arnoux to recover the agreed price of 40 ranges, with boilers and attachments, to be set and connected complete in two apartment houses in Ninety-Eighth street in New York city. From a judgment of the city court (26 N. Y. Supp. 83) affirming a judgment entered on a verdict in favor of plaintiff for $1,026, the full amount claimed, defendant appeals. Affirmed.

The contract of defendant upon which it is sought to hold him is in writing, and is as follows:

"New York, Jany. 21/91.

"Wm. H. Arnoux, Esq.—Dear Sir: The bearer represents the Union Stove Works, from whom I have bought the ranges and boilers. He wishes to satisfy himself that it is all right.

"40 boilers and ranges, $840.

"Yours, &c.,                                                    John D. Phyfe.

"Jos. Campbell must approve, & on such approval and delivery of goods I will pay cash forthwith.                                          W. H. A."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Arnoux, Ritch & Woodford and David F. Butcher (Wm. H. Arnoux, of counsel), for appellant.

Phillips & Avery, for respondent.

DALY, C. J. The plaintiffs allege that Joseph Campbell approved of the contract, and of the materials and labor furnished and performed by them, and this was denied by defendant. It was conceded that the goods and work complied with the contract, and it is a fair inference, from the evidence in the case, that Joseph Campbell saw the work and approved of it. He was the brother of one of the firm of builders, Phyfe & Campbell, who were erecting the houses. He was a kind of "boss around, foreman, or something," according to the testimony of the witnesses. According to the testimony of defendant's witness George T. Arnoux, who was the brother of the defendant, and the bookkeeper of Phyfe, Joseph Campbell approved of bills if he (Arnoux) said it was all right; and Joseph Campbell was at the building about every day. Joseph Campbell swears that he never saw these ranges go into this defendant's property; but it appears from defendant's own testimony that Campbell knew that defendant had entered into the contract, for they conversed about the ranges at that time; also, that the general course was that Campbell would look at the work, and bring the approval to the defendant, or else deliver them to the party. It also appears that, after the work was done, the plaintiff's agent, the defendant, Mr. Phyfe, and Joseph Campbell met in defendant's office; that the plaintiff's agent came there to get the approval from Joseph Campbell, and the latter, at the suggestion of defendant, agreed to meet the parties the next morning at 9 o'clock, but never came. Approval, like consent, may be expressed, or may be implied from the conduct of the party, and it may be tacit. It was established by defendant's own testimony that Campbell knew of the contract. If he disapproved of it, it was easy for defendant to say so, and, being silent upon that point, we must deem it established that Campbell approved of the purchase of the goods and of defendant's agreement to pay for them. From the other evidence in the case, the jury might fairly infer that Campbell saw the goods and work, and approved of both. He made no particular personal investigation for himself, but relied upon George T. Arnoux's approval. He was at the building every day, and he made an appointment with the plaintiff's agent to meet him there and examine the work. His failure then, or at any time, to intimate the slightest disapproval, warranted the jury in finding that he did approve. The allegations of the complaint were therefore sustained.

The defendant claims, however, that the approval of Campbell was to be in writing, and offered to show that the conversation between him and the plaintiff's agent, at the time he signed his agreement to pay, established that fact. The defendant's evidence on that point was excluded, and we think properly, as it tended to vary the written agreement. The defendant drew up his stipulation, and must be deemed to have inserted in it all that was material. Whatever in the conversation which had been testified to by plaintiff's

agent implied an approval in writing is wholly immaterial, since defendant had not chosen to make a stipulation for a writing a part of his agreement. He inserted the sole condition upon which he agreed to pay. To add any other or further condition is to alter his own contract. There are cases where the contract of one party is in writing, and the contract of the other party rests in parol and may be proved by parol. Routledge v. Worthington Co., 119 N. Y. 592–596, 23 N. E. 1111. But, where the writing assumes to give the whole contract between the parties, it cannot be varied by parol evidence offered on the part of the person who subscribed it. Gerard v. Cowperthwait (Com. Pl. N. Y.) 21 N. Y. Supp. 1092. In this case the defendant wrote out the whole contract as he wished it to appear at the time, and no further stipulation can be added to it. Nor is there any ambiguity in the writing. It means but one thing, —that Joseph Campbell must approve. Whether his approval is to be evidenced by a writing or not is not a question arising upon the language of the instrument. The contract is not ambiguous because it failed to state by what evidence the party was to prove compliance with the condition.

Ground for reversal is alleged in the error of the trial judge in submitting to the jury to say, "Was there such an approval as would be necessary in order that the plaintiff may obtain a verdict?" No exception to this statement is in the case, and we therefore cannot reverse for the error. That there was no exception is doubtless because the expression which the judge used was inadvertent, and made no impression, at the time, upon counsel or jury, from the fact that he had previously charged the jury that they were to determine from the evidence whether Joseph Campbell had approved or not. Had his attention been called to the matter, he would have had an opportunity to correct the expression. None of the exceptions taken by defendant requires a reversal. The motions to dismiss were properly denied because there was express evidence of Joseph Campbell's approval of defendant's contract, and evidence from which his approval of the work might fairly be inferred. It appeared from the testimony of defendant's witness Joseph Campbell that a demand for the approval of the ranges was made on him when he came into court the morning of the trial. No objection to this testimony was offered by defendant; nor does it appear that it was drawn out for the purpose of fixing thereby liability on defendant. The latter, however, asked the judge to charge that it was not a proper demand, and, if it was the only demand made on Joseph Campbell, the jury must render a verdict for the defendant. This was declined, and defendant excepted. The request could not have been granted. A demand upon Joseph Campbell for approval was not essential to plaintiff's recovery. It was only necessary for them to show that Campbell had approved. We do not consider that the other exceptions alluded to in appellant's brief point out errors for which the judgment should be reversed. The defendant complains of the instruction given at plaintiff's request, just before the jury retired, that if the demand was made of Joseph Campbell, and he agreed to go to the buildings to examine the work, his neglect to do

so was unreasonable, and the jury must find for the plaintiff; and two subsequent instructions on the same subject. The question of unreasonable refusal to approve was not the issue presented by the pleadings.

Plaintiff insists that the complaint was amended to conform to the proof in the case. It appears that, after the denial of the defendant's first motion to dismiss the complaint, the court said: "The pleadings, if necessary, to be amended to conform to the proof." Defendant denies that any amendment was actually made, in which we agree with him, for plaintiff did not then, nor subsequently, ask for any; and so no error was committed by which there was a substitution of a new cause of action. But at the close of the whole case the defendant treated this new cause of action as in the case, for he added to his former grounds of motion for a dismissal, "Fifth. That no reasonable effort has been made by plaintiff to obtain the approval of Joseph Campbell,"—and subsequently, by his own requests for instructions, had that issue submitted to the jury; so that if there was another and irrelevant issue left to them, or if the cause was tried upon a wrong theory, as defendant now claims, or upon inconsistent theories, he is as much to blame as the plaintiff, for he first injected the irrelevant issue into the case. We affirm the judgment because we find sufficient evidence to sustain the verdict upon the ground that Joseph Campbell approved; and if the issue were as to his unreasonable refusal to give an express approval in writing, or otherwise, the plaintiff must be deemed to have sustained the affirmative by a preponderance of evidence. Judgment and order affirmed. All concur.