(60 App. Div. 297.)

### KEYSER v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

MUTUAL BENEFIT INSURANCE—BREACH OF CONTRACT—RECOVERY OF ASSESSMENTS PAID.

> Where a member of an assessment life insurance company is required to pay an assessment in excess of the rate provided for in his certificate, he cannot rescind the contract, and sue to recover assessments he has paid, but he may sue for a breach of contract, and recover damages, namely, the cost of replacing the policy on the same terms in a solvent company, or he may pay or tender the amount which the company is legally entitled to collect, and sue in equity to establish the continued existence of his certificate.
>
> Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Isaiah Keyser against the Mutual Reserve Fund Life Association. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Eustace Conway, for appellant.
William D. Guthrie, for respondent.

INGRAHAM, J. This action was tried at trial term without a jury. At the close of the plaintiff's case the defendant moved to dismiss the complaint, which motion was granted. The defendant is a co-operative or assessment insurance company. On the 15th of February, 1881, the plaintiff became a member of the corporation, and the defendant issued to him a certificate of membership, a copy of which is annexed to the complaint. The complaint alleges that this certificate contained the terms of the agreement between the plaintiff and the defendant; that the agreements of the said defendant were made by it to induce the plaintiff to consent to become a member of the corporation, and to take the said insurance upon his life, and that in consideration thereof, and relying upon the defendant's promises of the same, the plaintiff assented thereto, and made the payment expressed in the said certificate or policy of insurance; that the plaintiff duly made all the payments provided for by the said agreement down to the time of the commencement of the action, and also other large sums illegally claimed by the defendant in excess thereof, down to call No. 96, made on the 1st of February, 1898, whereby the defendant demanded of the plaintiff the sum of $138.85, instead of the agreed call of $11.25; that the defendant has notified this plaintiff that neither he nor his wife has any further claim thereunder upon the said defendant;

that "by reason of the said wrongful, illegal, and fraudulent acts of the said defendant this plaintiff has the right to demand and have the repayment to himself from the said defendant, with interest, of all moneys paid by him to the said defendant, hereinbefore set forth, by reason of its rescission of its agreement made by the said defendant with this plaintiff in the said certificate or policy of insurance." Wherefore the plaintiff demands judgment against the defendant to recover the amount paid by him to the defendant as such calls or assessments during the period that the certificate continued in force. Upon the trial the plaintiff put in evidence the certificate of membership. That certificate recited that in consideration of the statements and representations contained in the application for the certificate, "and in further consideration of the sum of ——— dollars and ——— cents, to them in hand paid by the member under this certificate, and of the annual payment of six dollars and ——— cents on or before the first day of October in every year during the continuance of this certificate, and of eleven dollars and twenty-five cents, being the amount of assessment payable within thirty days from the date of each notice, do hereby receive Isaiah Keyser, of New York, county of New York, state of New York, as a member of this association. And the association do hereby promise and agree, in event of decease of said member, to make an assessment upon the entire membership for such a sum as has been established by the board of trustees at the date of entry, and of the sum received from such assessment to set aside as a reserve fund twenty-five cents on each $1,000 in force, and the balance shall be paid at the office of the association in the city of New York to Augusta W. Keyser, wife, of New York, county of New York, state of New York, or to his legal representatives, within sixty days after receipt of satisfactory evidence to the association of death during the continuance of this certificate of membership. The sum paid under this certificate shall not, however, exceed five thousand dollars." It further provided that "this certificate is issued, and accepted by the member, subject to the following express conditions and agreements: * * * If any of the payments above stipulated shall not be paid when due, at the office of the association in the city of New York, * * * then, and in each and every such case, this certificate shall be null and void, and all payments made thereon shall be forfeited to the association." The application for membership upon which this certificate was issued was also introduced in evidence. It was signed by the plaintiff, and contained a provision by which he agreed that "if there shall be any omission or neglect to pay any of the dues or assessments on or before the days on which said dues or assessments shall fall due, except as provided for in the days of grace by the by-laws of this association, that then, in either event, the certificate of membership which may be issued hereon shall be void, and all money which may have been paid on account of said certificate of membership shall be forfeited to said association." The application also contained a provision by which the plaintiff was to be bound by the constitution and by-laws of the association, and all amendments thereof. The plaintiff then proved that he had paid

under this policy in dues and assessments to the defendant corpora-
tion the sum of $2,189.77, and introduced in evidence the call No. 96,
which required the plaintiff to pay under the policy the sum of
$138.85. This call was as follows:

"Please take notice that an assessment or mortuary call is hereby made
upon you pursuant to the order of the board of directors and executive com-
mittee of the association for the above amount, to be paid within thirty days
from the date of this notice, in accordance with the conditions of your cer-
tificate or policy .and the constitution or by-laws of the association. The
above payment must be made on or before the third (3) day of March, 1898.
* * * If the same is not paid within the time stated, the policy and all
payments thereon will become forfeited and void, and your membership with
the association will expire, with all rights thereunder."

The plaintiff was called as a witness, and testified that he told
the officers of the defendant that the increase in call No. 96 was
improper, and offered to them the amount called for by the previous
mortuary call No. 95, but that the defendant declined to accept
said sum, stating that the whole amount of call No. 96 must be paid
in accordance with the notice; that the defendant declined to accept
the amount tendered it; that the plaintiff thereupon ceased to be a
member after February 1, 1898; and that he now seeks to recover
all money theretofore paid to the defendant, with interest. There
is no allegation that the plaintiff was induced to become a member
of this association by any fraudulent representations, nor is there
any mistake or other fact alleged which would justify the plaintiff
in rescinding his membership obligation, or the contract under which
he became a member of the association. The plaintiff bases his right
to relief upon a breach by the defendant of the contract made with
the plaintiff in refusing to receive the amount which he was by his
contract to pay, by which, as the plaintiff alleges, he was entitled
to remain a member of the association and receive the benefits in-
cident to such membership. The assessments demanded of the plain-
tiff prior to call No. 96, with which the plaintiff refused to comply,
were paid by him. The particular demands under which these prior
payments were made are not a part of the case. Nothing appears
to show under just what conditions they were made. The complaint
alleges that they were made under protest, but this is denied by the
defendant, and there was no proof offered as to any particular pro-
test in relation to the prior demands. We have, therefore, the fact
that these prior payments were made voluntarily, except so far as
there was an implied threat by virtue of the provisions of the agree-
ment under which the policy was to become void upon failure to
make the payments therein provided for. It is quite evident that,
if any demands were made in excess of those legally made by the
defendant, the plaintiff's remedy was to pay to the defendant the
amount which it could legally call upon him to pay, or to tender such
an amount, when, if such tender was good, the policy would be kept
alive, and the beneficiary would be entitled to recover under it the
amount provided upon the plaintiff's death. The plaintiff proved
that he had tendered to the defendant under this call No. 96 an
amount in excess of that provided for in the certificate of insurance.
If that tender was all that the defendant was entitled to demand

under the contract, the effect of the tender would be to keep alive the contract of insurance. The plaintiff alleges that he ceased to be a member of the defendant upon the 1st of February, 1898; but just how he ceased to be a member is not stated. It may be assumed that the plaintiff understood that he ceased to be a member by virtue of his refusal to comply with what he claims to have been an illegal demand; but, if his construction of the contract is correct, the mere failure to pay an illegal demand, having tendered the amount that the defendant was legally entitled to call upon him to pay, would not terminate his membership in the corporation or the right of the beneficiary to recover the amount payable upon his death; or, if there was a breach of the contract by the defendant, the plaintiff would be entitled to recover the damages sustained by the breach, but upon no principle would he be entitled to recover the amount that he had paid during the years that he had been a member of the association. During that period he had received from the defendant the benefit of an insurance upon his life. If he had died during these 17 years, the company would have been obliged to pay to the beneficiary the amount named in the certificate or policy; and, at least to the extent of the reasonable value of that insurance during this period, the defendant was entitled to retain the amount that it had received. The rule of damage if there was a breach of the contract would be the cost of replacing the policy on the same terms in a sound company at the time of the cancellation of the policy (Toplitz v. Bauer, 161 N. Y. 336, 55 N. E. 1059), but to recover such damage the amount thereof must be alleged and proved, and there is no allegation or proof in this action upon which such a recovery could be based. The plaintiff also had the right to insist that the contract was still in force by virtue of his tender of the amount that was legally due under the contract, and, if the defendant refused to recognize the continued existence of the contract, he could have brought an action in a court of equity to establish the continued existence of the certificate. This action, however, was not brought for that purpose, but was an action at law to recover the payments that he had made to the defendant, but which he was not entitled to recover. As this dismissal of the complaint was not upon the merits, there is nothing to prevent the plaintiff from commencing another action to enforce whatever right he has against the defendant; but it is quite clear that in this action, upon the allegations of this complaint, and upon the theory upon which he brought his action, he was not entitled to judgment against the defendant.

It follows that the judgment appealed from must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.