CONLEW, INC., Appellant, *v.* HENRY D. KAUFMANN, Defendant, and HERMAN FLOERSHEIMER et al., Respondents.

(Argued November 26, 1935; decided January 14, 1936.)

*Leonard G. Bisco* and *Samuel Chugerman* for appellant. Respondents' contract of guaranty was an unilateral and unconditional promise to pay the premium when due. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Brady* v. *Cassidy*, 104 N. Y. 147; *Schoonmaker* v. *Hoyt*, 148 N. Y. 425; *DeRemer* v. *Brown*, 165 N. Y. 410; *Rosenthal* v. *American Bonding Co.*, 207 N. Y. 162; *Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487; *First Nat. Bank* v. *National Surety Co.*, 228 N. Y. 469; *Matter of Loew's Buffalo Theatres, Inc.*, 233 N. Y. 495; *Classic Theatre Corp.* v. *Amster*, 240 N. Y. 479; *Kean* v. *Nat. Surety Co.*, 241 N. Y. 252; *Brainard* v. *N. Y. C. R. R. Co.*, 242 N. Y. 125; *Jacksonville Ry. Co.* v. *Hooper*, 160 U. S. 514; *Cassin* v. *Stillman-Delehanty-Ferris Co.*, 185 App. Div. 63; *Heimerdinger* v. *Schnitzler*, 231 App. Div. 649; *Deveso* v. *Chandler*, 210 App. Div. 684; *Silberman* v. *Clark*, 96 N. Y. 522; *Hart* v. *Cort*, 165 App. Div. 583; *Clark* v. *Dewandelaer*, 124 N. Y. Supp. 941; *Johnson* v. *City of New York*, 191 App. Div. 205; *Loud* v. *Pomona Land Co.*, 153 U. S. 564; *Gates* v. *McKee*, 13 N. Y. 232; *Frese* v. *Mutual Life Ins. Co.*, 105 Pac. Rep. 265.) When the premium was not paid, respondents' agreement was wholly breached. The resulting damage to the bank was not merely the amount of the premiums, but the value of the policy which was thus extinguished. (*Douglass* v. *Murphy*, 16 Up. Can. Q. B. 113; *Du Brutz* v. *Bank of Visalia*, 87 Pac. Rep. 467; *Gerard* v. *Cowperthwait*, 2 Misc. Rep. 371; 143 N. Y. 637; *Gray* v. *Murray*, 3 Johns. Ch. 167; *Soule* v. *Union Bank*, 45 Barb. 111; *Langan* v. *American Legion of Honor*, 34 Misc. Rep. 629; *Marconi Wireless Tel. Co.* v. *Universal Transp. Co.*, 194 App. Div. 272; 233 N. Y. 581; *Siegel* v. *Spear & Co.*, 195 App. Div. 845; 234 N. Y. 479; *Jacksonville M. P. Ry. & Nav. Co.* v. *Hooper*, 160 U. S. 514;

*Vaugh* v. *Reddick*, 106 S. W. Rep. 292; *Scheele* v. *Lafayette Bank*, 97 S. W. Rep. 621; *Alsop Motor Co.* v. *Barker*, 123 S. E. Rep. 350; *Hackett* v. *Cash*, 75 So. Rep. 52; *Toplitz* v. *Bauer*, 161 N. Y. 325; *Bailey* v. *American Deposit & Loan Co.*, 52 App. Div. 402; 165 N. Y. 672; *Grossman* v. *Lindemann*, 67 Misc. Rep. 437; *Griggs* v. *Day*, 158 N. Y. 1; *Landusky* v. *Beirne*, 80 App. Div. 272; 178 N. Y. 551.) Appellant was not obliged, in mitigation of damages, to pay the premiums or obtain a new policy on respondents' account. (*Dubrutz* v. *Bank of Visalia*, 87 Pac. Rep. 467; *Sherman* v. *Mutual Life Ins. Co.*, 102 Pac. Rep. 419; *Marconi Wireless Tel. Co.* v. *Universal Transp. Co.*, 194 App. Div. 272; 233 N. Y. 581; *Jacksonville M. P. Ry. & Nav. Co.* v. *Hooper*, 160 U. S. 514; *Franck* v. *Stout*, 139 Wis. 223; *Gardner* v. *Welch*, 110 N. W. Rep. 110; *Buhl* v. *Allned*, 238 Pac. Rep. 298; *Coulter* v. *Sausalito Co.*, 10 Pac. Rep. [2d] 780; *Shaw* v. *City of Greenston*, 101 S. E. Rep. 27; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471.) Appellant lawfully surrendered the policy to the insurance company for its cash value in mitigation of damages. The surrender was not in any sense a breach of the guaranty agreement. (*Toplitz* v. *Bauer*, 161 N. Y. 325; *Bailey* v. *American Deposit & Loan Co.*, 52 App. Div. 402; 165 N. Y. 672; *Palmer* v. *Mutual Life Ins. Co.*, 38 Misc. Rep. 318; *Bush* v. *Block*, 187 S. W. Rep. 153; *Sherman* v. *Mutual Life Ins. Co.*, 102 Pac. Rep. 419.)   The damages were adequately and properly proven. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Toplitz* v. *Bauer*, 161 N. Y. 325; *Kelly* v. *Security Mut. Life Ins. Co.*, 106 App. Div. 352; *Langan* v. *American Legion*, 34 Misc. Rep. 629; *Farley* v. *Union Mut. Life Ins. Co.*, 41 Hun, 303; 118 N. Y. 685; *People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 114; *Hoffer Oil Corp.* v. *Carpenter*, 34 Fed. Rep. [2d] 589; *Rynveld* v. *Dupuis*, 39 Fed. Rep. [2d] 399; *Schell* v. *Plumb*, 55 N. Y. 592; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 50; *Proctor* v. *Union Coal Co.*, 243 Mass. 428.)

*Joseph M. Baum* for respondents. The guarantor is bound only by the strict letter or precise terms of his contract and the claim against him is *strictissimi juris.* (*Hamilton Trust Co.* v. *Shevlin,* 156 App. Div. 307; 215 N. Y. 735; *Marcus* v. *Liebowitz,* 107 N. Y. Supp. 597.) The agreement sued on was not one of guaranty of collateral. (*Fleischman* v. *Furgueson,* 223 N. Y. 235; *Streat Coal Co.* v. *Frankfort Gen. Ins. Co.,* 237 N. Y. 60; *Sun P. & P. Assn.* v. *Remington P. & P. Co.,* 235 N. Y. 338; *Matter of Loew's Buffalo Theatres, Inc.,* 233 N. Y. 495; *Rosenthal* v. *American Bonding Co.,* 207 N. Y. 162.) The measure of damages was the amount of the premium unpaid by the respondents if paid by the appellant's assignor. (*National Mahaiwe Bank* v. *Hand,* 80 Hun, 584; 89 Hun, 329; *Dodd* v. *Jones,* 137 Mass. 322; *Elfenbein* v. *Abbondanza,* 64 Misc. Rep. 176.)

HUBBS, J. The respondents on or about January 16, 1925, executed and delivered to appellant's assignor a guaranty agreement in the following form: " In order to induce the Chatham Phenix National Bank of the City of New York to continue carrying the loans now due to it from Henry D. Kaufmann and Company which are secured in part by an assignment of Policy No. 797305 of the Mutual Benefit Life Insurance Company on the life of Henry D. Kaufmann, and in consideration for such extensions as the Bank may give to Henry D. Kaufmann and Company, the undersigned jointly and severally agree:

" That the premium upon said policy in the amount of $767.40 per year payable on the 5th day of April of each and every year will be paid when the same becomes due from time to time. In the event that the Chatham Phenix National Bank shall receive any notice that the premium on said policy is in default, the said Bank is hereby authorized to pay said premium at its option and we agree to reimburse it upon demand. * * *"

Kaufmann thereafter desired to procure a loan on the policy and respondents, on or about April 21, 1932, wrote

the appellant's assignor in part as follows: " We hereby consent to the loan proposed to be made and agree that this loan shall in no manner affect your rights of recourse against us as indicated by the terms and conditions of the guaranty executed by us under date of January 16, 1925. We also hereby ratify and confirm the said guaranty and agree that all the terms, covenants and conditions thereof are now and shall continue in full force and effect."

On June 11, 1932, appellant's assignor advised respondents of receipt from the insurer of notice of a premium to become due on July 5, 1932, giving the amount to become due and concluding thus: " Inasmuch as we hold your guarantee of the payment of premiums under this policy, you should take necessary action to be sure that said premiums are paid as due."

It does not appear that the insurer thereafter gave notice to appellant's assignor of a default in payment of premiums nor that the appellant's assignor after default in payment of the premium due on July 5th had notice, actual or constructive, of such default prior to the expiration on August 5, 1932, of the days of grace allowed by the terms of the policy for the payment of premiums. On the contrary, that appellant's assignor believed that the premium had been paid by the insured or respondents is indicated by the following letter sent to them on August 13th, 1932, by appellant's assignor:

" On June 11th we forwarded you premium notice of the Mutual Benefit Life Insurance Company for payment due July 5th on your Policy #797303 in the amount of $204.47 and to date have not received from you the company's receipt for our inspection.

" Please forward this receipt to us and we will return it to you when it has served our purpose."

The premium in question not having been paid, the policy lapsed. The assignee of the policy then had options of which it might avail itself, namely, to take extended insurance for a period of 15 years, 114 days, in the amount of the face of the policy, $30,000; $11,580 of

paid up insurance; or $1,983.38 as cash surrender value. It took the cash surrender value, credited the amount on Kaufmann's obligations, and assigned its cause of action to appellant which instituted this action against respondents as guarantors to recover the amount of Kaufmann's remaining indebtedness, being the sum of $15,024.10. At the trial appellant contended that the amount recoverable was the value of the collateral less the amount realized thereon. As to the value of the collateral, it was appellant's contention that the proper amount was that sum which invested at four per cent would produce in 20.91 years, the life expectancy of the assured, the sum fo $30,000, the face amount of the policy, which sum it proved to be $13,059.

On default the appellant's assignor had a right to surrender the policy for its cash surrender value. (*Toplitz* v. *Bauer*, 161 N. Y. 325, 332; *Bailey* v. *American Deposit Co.*, 52 App. Div. 402, 403, 404.)

The agreements under which the obligations of Kaufmann were extended by appellant's assignor contained a provision that upon " non-payment of this note or of any other liabilities " to the appellant's assignor, it might at its option sell the policy at public or private sale without notice.

The trial court dismissed the complaint at the close of appellant's case upon the ground that the guaranty was not a guaranty of collateral, that the agreement cast upon the appellant's assignor the obligation to pay the premium and to proceed against the guarantors to recover the amount of the premium paid, and that appellant was not entitled to any further damage which resulted from the breach of the agreement that the premiums would be paid when due. The judgment has been unanimously affirmed by the Appellate Division. (243 App. Div. 761.)

We interpret the agreement as constituting an obligation on the part of the respondents to prevent a lapsing of the policy through non-payment of premiums, and as

imposing upon them in the event of a breach of that agreement, liability for such damages as may be found to have resulted therefrom. We do not construe it as imposing upon appellant's assignor, except at its option, an obligation to pay such premium.

The agreement constituted an absolute guaranty of payment. It was an entire contract and when respondents breached it there immediately arose a valid cause of action in favor of appellant's assignor to recover its entire damage caused by such breach. Respondents understood that the agreement was an agreement of guaranty. They so stated in their letter of April 21, 1932, heretofore quoted.

Even if the agreement were to be construed as placing upon appellant's assignor an obligation to pay the premium in case of receipt by it of notice of default, it is clear that as to the premium in question no such obligation resulted for the reason that no notice of default was received by it prior to the lapse of the policy. The notice which it received was not a notice of default but rather of a premium to become due. Had it paid the premium before the due date, it could not have recovered of respondents the amount paid, as it could not be known that the assured or someone in his behalf would not pay it before the due date. Only during the days of grace was there a default which could have been cured without loss of the policy and during that period plaintiff's assignor did not know that its suggestion to respondents that the premium be paid had not been complied with.

On the other hand, respondents, by paying the premium and taking over the policy, could have protected themselves against loss because of their guaranty.

Respondents breached their agreement when the premium was not paid. That resulted in damage to appellant's assignor not only of the amount of the premium but of the value of the policy, which lapsed because of such failure to pay the premium. (*Gerard* v.

*Cowperthwait*, 2 Misc. Rep. 371; affd., 143 N. Y. 637; *Gray* v. *Murray*, 3 Johns. Ch. 167.)

In the *Gerard* case the defendant gave a bond to the plaintiff which read in part: " whereas the above bounden Frank H. Cowperthwait has agreed and does hereby agree in consideration of the sum of one dollar to him in hand paid, the receipt whereof is hereby acknowledged, to pay the premiums of insurance on the said policy as the same may become due from time to time" (p. 372).

The General Term of the Court of Common Pleas decided that the default of the defendant in paying a premium made him liable for the entire damage resulting. The court said: " In this case Cowperthwait agreed to pay the premiums on the policy of insurance described in the bond when they became due. He failed to pay the March premium, and the policy in consequence of that failure lapsed and was void. No premium could become payable thereon at any time thereafter. The breach of the contract on his part was of necessity total, and the plaintiff must recover in this action his full and final damages. Besides, the loss of the policy was the natural and approximate result of the failure of the appellant to pay the premium. Had he done so the policy would now be alive; it became inoperative on his failure to pay the March premium. In such case the damages are the value of the policy. (*People* v. *Security, etc., Co.*, 78 N. Y. 114.) The appellant had full knowledge of the special circumstances affecting the question of damages and that his breach would cause the policy to lapse, and we must, therefore, infer that the contract was entered into upon the basis of these facts and that the parties had contemplated them in fixing the amount of the damages defendant was to pay at $10,000" (p. 380). That decision was affirmed by this court.

On the record now before us there is no exception based upon an objection sufficient to raise a question as to whether or not a proper rule was followed by appellant in attempting to prove the damage resulting to its assignor.

The objections made were based on the contention that the appellant was not entitled to recover any damages, as respondents' obligation was to pay appellant's assignor only the amount which the latter might pay under its option to pay premiums in case of respondents' fault in so doing, and were not directed to the question of the sufficiency of the proof offered to establish the amount of the damage should damage be found to have resulted. Upon a new trial the question of the amount of such damage will be an issue. We reach the conclusion that the proof made did not tend to establish the actual damage resulting to appellant's assignor, since it assumed the loss of appellant's assignor to be the face amount of the original policy, whereas the policy was held as collateral only and the interest of appellant's assignor was measured by the amount of the obligations for which it stood as collateral rather than the face amount of the policy. We deem it proper, therefore, in so far as it is possible to do so upon the present record, to point the way to a proper solution of the problem presented.

Where the interest of a claimant in a policy is entire and unlimited by contract and equal protection is not otherwise available, it has quite generally been held that the amount to be recovered is the value of the policy destroyed. (*People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 114; *Toplitz* v. *Bauer, supra; Whitehead* v. *New York Ins. Co.*, 102 N. Y. 143, 156; *Kelly* v. *Security Mut. Life Ins. Co.*, 106 App. Div. 352; revd. on other grounds, 186 N. Y. 16; *Speer* v. *Phœnix Mut. Life Ins. Co.*, 36 Hun, 322, 323; *Gray* v. *Murray, supra.*) That value, however, may not be the face of the policy. In each of the cases where the courts have decided that the face of the policy should measure the amount of the recovery the interest of the claimant was entire and unlimited by contract, and for that reason the face of the policy measured the amount of claimant's loss.

The amount to be recovered is subject to contract limitation. (*Gerard* v. *Cowperthwait, supra.*)

Likewise, it has been recognized that there must be an entirety of interest in the policy on the part of a claimant to warrant recovery of the face amount. (*Kelly* v. *Security Mut. Life Ins. Co.*, *supra*.)

Where the assured is in being and still insurable, so that a new policy for a like amount and in a solvent company is obtainable, the value of the policy lost ceases to be the measure of liability and the cost of a new policy forms the basis for determining the amount of a recovery. (*Toplitz* v. *Bauer*, *supra; Keyser* v. *Mutual Reserve Fund Life Assn.*, 60 App. Div. 297.)

Where, however, the assured has died or is not insurable, the value of the policy lost furnishes the basis for computing actual damage. (*Toplitz* v. *Bauer*, *supra; Whitehead* v. *New York Ins. Co.*, *supra; Kelly* v. *Security Mut. Life Ins. Co.*, *supra; Gray* v. *Murray*, *supra; Speer* v. *Phœnix Mut. Life Ins. Co.*, *supra*.)

In determining either the cost of a new policy or the value of the policy lost, life expectancy tables may be used. (*Toplitz* v. *Bauer*, *supra; Kelly* v. *Security Mut. Life Ins. Co.*, *supra*.)

The policy in the case under consideration was held as collateral for certain specified obligations and those obligations being not greater than the face of the policy lost, form the basis for measuring the loss to appellant's assignor or the value to it of the policy lost. Appellant's interest in the policy is no greater than that of its assignor as it has not acquired the interests of those who would be entitled to the policy or the proceeds thereof but for the assignment of the policy as collateral. It appears that the assured survived both the loss of the policy and the trial of the action. It may be presumed that he was insurable, as there is no proof to the contrary. (*People* v. *Security Life Ins. & Annuity Co.*, *supra*, at p. 127.) Therefore, the extent of any possible loss to appellant or its assignor would be the amount of the obligations for which the policy stood as collateral plus interest

thereon to such time as it might have collected on the policy had it not been lost. Since the amount of that interest cannot be determined with exactitude resort may be had to life expectancy tables for the purpose of determining that interest total. Having determined in that manner the amount of the loss, and assuming that the assured remained insurable at the time of the loss, the cost of carrying a policy of like nature and in a solvent company for the amount representing the total of the obligation plus interest so computed, if not in excess of the face of the original policy, with interest to the date of the recovery and with proper credit for the surrender value of the original policy, represents the amount for which recovery should be had. Since appellant's assignor was not under the obligation of paying premiums on the original policy, no deduction of an amount which would have been required to have been paid for carrying that policy should be allowed.

In other words, assuming obligations secured by the lost policy amounting to $10,000 and an estimated cost of carrying those obligations for the probable life of the assured as determined by use of mortality tables amounting to $5,000, a new policy for $15,000 would be deemed adequate to protect the assignor on the obligations secured. If the cost of carrying such a policy during the probable life of the assured as determined by the use of mortality tables were shown to be $4,000, the recovery to which plaintiff would be entitled would be $4,000 less the amount paid on surrender of the original policy and plus interest on the remaining sum to the date of recovery. Of course, if the obligations secured plus interest as so estimated should total more than $30,000, the face of the original policy, the cost of a new policy for $30,000 would be substituted for the cost of a policy for the amount of the obligations plus interest in arriving at the amount of recovery.

If it should appear upon a new trial that the insured was not in an insurable condition when the original

policy was lost through the default of the respondents, the measure of damage would be the value to the appellant's assignor of the policy lost. Since it was protected by the original policy to the extent of the full amount of the obligations for which the original policy was assigned as security and was protected by the guaranty of payment of premiums on the original policy given by respondents, the principal of the obligations represents the equivalent of the value to it of the policy lost. As those obligations did not exceed $30,000, the face of the original policy, recovery should be in the amount of the principal of the obligations secured, less the surrender value of the policy received, and to which should be added interest from the breach of respondents' agreement to pay premiums to the date of recovery. (*Toplitz* v. *Bauer, supra,* at p. 336.)

The rules suggested for use in determining the measure of damages assume a continuance of the life of the assured and non-payment of the obligations secured. Death of the assured prior to a computation of damages would require the substitution of the actual period of continued life for estimates arrived at through the use of life expectancy tables. (*People* v. *Security Life Ins. & Annuity Co., supra.*)

Likewise, credit should be given in computing defendants' liability on any theory for payments, if any, made subsequent to the breach which have resulted in a reduction of the loss to which appellant's assignor would otherwise have been liable.

As the trial court was in error in dismissing the complaint upon the ground stated above, it is unnecessary to discuss other questions argued on this appeal.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.