Summary proceedings by Dean Sage and another against William Crosby. From an order of dismissal, plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Parsons, Shepard & Ogden (H. B. Closson and Eugene Smith, of counsel), for appellants.

Frank C. Demarest, for respondent.

PER CURIAM. The Code provisions as to a dismissal where title to real property is involved relate exclusively to actions, not to proceedings, and such a defense does not oust a municipal court justice of jurisdiction in summary proceedings. Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684. The final order made below must therefore be reversed. Counsel for the appellants is mistaken in his contention that a counterclaim cannot be interposed by a tenant in a summary proceeding. While section 1359 of the consolidation act does not give such a right, yet section 2244 of the Code, which provides for the interposition of counterclaims in such proceedings, is still applicable to the municipal court.

Final order reversed, and new trial ordered, with costs to the appellants to abide the event.

---

## PENACHIO v SAATI SOC.

(Supreme Court, Appellate Term. November 27, 1900.)

BENEFICIAL ASSOCIATIONS—SICK BENEFITS—CONSENT TO BY-LAWS.
    Where an amendment to the by-laws of a society confines sick benefits to members residing in a certain city, and a member subsequently signs the amended by-laws, and declares his submission thereto, he cannot recover benefits for an illness which occurs while he is living in another city.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Rosario Penachio against the Saati Society to recover sick benefits. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Andrew Palmeri, for appellant.
John Palmieri, for respondent.

PER CURIAM. The by-laws of the defendant were modified four years before the plaintiff's illness by providing that said benefits were confined to members residing within New York, Brooklyn, or Astoria. Subsequent to this amendment the plaintiff signed the new by-laws, and expressly declared his submission to the same. It being conceded that the plaintiff was a resident of Jersey City at the time of the illness in question, he was not entitled to sick benefits.

The judgment awarding them is absolutely without proof to sustain it, and must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.