Peter McVoy, Respondent, *v.* John Keller, Treasurer of Court Order Columbia, Foresters of America, Appellant.

Appeal by the defendant from a judgment for the plaintiff, rendered by the Municipal Court of the city of New York, seventh district, borough of Manhattan.

James A. Allen & Edward Harding, for appellant.

Robert E. Ullner, for respondent.

McAdam, J.    The action is to recover sick benefits of six dollars per week, from October 9, 1900, to February 16, 1901, being for a period of twenty-one weeks, and aggregating $126.

Section 3, article 8, of the Association's by-laws provides that " Any member taken sick must at once notify the court physician, and the financial secretary of the fact, and no moneys shall be paid any sick member until the financial secretary receives a certificate from the court's physician, or the physician attending such member, stating the nature of the member's illness, the duration of same, and if any other than the court's physician, said certificate must be approved by that officer."

Doctor Campbell, the court's physician, certified to the first week of plaintiff's illness, from October ninth, to the fifteenth, and six dollars for the week were promptly paid thereon by the association.

No other certificate was furnished except one by Doctor Covert, who certified that the plaintiff " had been under his care since October 8, 1900. Alcohol did not cause his illness." This certificate, defective in not stating " the nature of the member's illness, or the duration of the same," was presented to Doctor Campbell, who refused to approve of it, and for that reason the secretary refused to pay any more money to the plaintiff.

The plaintiff having subscribed to these by-laws and become bound thereby, the obtaining of the certificate from Doctor Campbell, the court's physician, or his approval of the certificate obtained from any other physician, was made a condition precedent to the plaintiff's right of recovery, particularly in view of the fact that there was no proof that Doctor Campbell had unreasonably refused to give the certificate or approval. 1 Bacon Ben. Soc. (New ed.), § 94, 152.

For this reason and without considering the other errors assigned, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

MacLean and Scott, JJ., concur.

Judgment reversed, and new trial ordererd, with costs to appellant to abide event.