service of the summons upon all the members of a copartnership, execution may issue against each individual served, and may therefore be satisfied against the separate property of any of the defendants. Pruyn v. Black, 21 N. Y. 300, 303; Saunders v. Reilly, 105 N. Y. 12, 21, 12 N. E. 170, 59 Am. Rep. 472. It seems clear to me that this action was properly brought against the original parties constituting the partnership firm, and that, upon the failure of the defendant Berman to prove that any extension of credit had been given by the plaintiff to the other defendant, the plaintiff was entitled to judgment against both defendants.

The judgment should be reversed, and a new trial ordered, with costs to appellant.

KELLY v. SECURITY MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. LIFE INSURANCE—WRONGFUL FORFEITURE—EQUITABLE REMEDY.

Where a life insurance company without just cause declares a policy to have lapsed, and refuses to have any further dealings with the insured, he has a right of action in equity to have the policy adjudged to be in force.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 513.]

2. SAME—LEGAL REMEDY.

Where a life insurance company has wrongfully refused tendered premiums, and insists that the policy is no longer in force, the insured may sue at law to recover the damages which he has suffered.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 513.]

3. SAME—FORFEITURE—ESTOPPEL.

Where a life insurance company by its conduct leads the insured to believe that there is an implied agreement on its part to receive premiums after they become due, if made within a reasonable time, it is estopped from insisting on a forfeiture because a premium is not paid on the day it is due.

4. APPEAL—HARMLESS ERROR.

A life policy provided that, at the expiration of each period of five years of its continued existence, an equitable division of the reserve fund should be made, in the form of a bond, and that the policy of any member who had paid his premium in advance without using any portion of his accumulations in the reserve fund should be nonforfeitable until all his share therein should be exhausted. A member who had received such a bond failed to pay his premium upon the stipulated day, and afterward tendered the bond to the company in payment of the premium. Held that, as the insured had an absolute right to have the bonds used as payment of the premium, error, if any, in submitting to the jury the question whether the company had by its conduct waived the payment of premiums at the precise time they were due, was harmless.

5. LIFE INSURANCE—REPUDIATION OF POLICY.

Where a life insurance company refused to accept premiums when tendered, and declared the policy forfeited for nonpayment of premium when due, the insured had a right to treat the contract as repudiated, and sue for the breach, even though a bond which had been issued by the company to the insured operated, in law, as a payment of the premiums.

6. APPEAL—PRESUMPTIONS.

In an action to recover damages caused by a life insurance company's wrongful declaration that a policy was forfeited, the Northampton tables

of mortality were introduced in evidence, and witnesses called who testified that their computations were made from the "Northampton tables." Defendant offered no proof that plaintiff's expectancy of life was different from that proved by him. *Held*, that it would be presumed on appeal that the computations were made from the tables in evidence, and not from the Northampton annuity table.

7. LIFE INSURANCE—WRONGFUL FORFEITURE OF POLICY—MEASURE OF DAMAGES.

Where a life insurance company wrongfully declares a policy forfeited, and the insured is uninsurable, the measure of damages is to be ascertained by discounting the amount of the policy for the number of years of insured's expectancy of life, and deducting from that sum the discounted premiums for the same period.

8. SAME—PLEADING—REFERENCE TO PREVIOUS ALLEGATIONS.

In an action against a life insurance company for wrongfully declaring certain policies forfeited, it was set forth in the cause of action based on one of the policies that the premium was tendered and refused, and the contract repudiated; and in the cause of action based on the other policy these facts were referred to as repeated, but were stated to be omitted for the sake of brevity. *Held*, that the second cause of action was not objectionable on the ground that it omitted to allege these facts.

Appeal from Trial Term, Broome County.

Action by William Kelly against the Security Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and CHASE, CHESTER, and HOUGHTON, JJ.

Fredric W. Jenkins, for appellant.
S. Mack Smith, for respondent.

HOUGHTON, J. On the 2d day of August, 1889, the defendant, in consideration of the payment of an admission fee, and a quarterly premium of $6.20 on each policy, to be thereafter paid, issued to the plaintiff two policies of insurance upon his life, for $1,000 each. The premiums were due on the 2d day of the months of August, November, February,.and May of each year, and, except on one occasion, the premiums on each policy were paid together. They were usually sent by the plaintiff to the home office of the defendant by mail, and, during the 14 years that the policies had run, more than half of the premiums had been received from 1 to 28 days past the day upon which they were due, but had been accepted by the company without question. The plaintiff did not live far distant from the city in which the defendant's home office was located, and, having business there, and supposing, as he says, that it made no difference, did not send the premiums due May 2, 1903, but waited until the 5th of that month, when he, in person, tendered to the proper officer of the defendant the premiums which should have been paid on the 2d. Some conversation was had as to the plaintiff signing a health certificate, which was usual when premiums were not paid on the exact day. Plaintiff signed it as requested, but was finally informed that his payment was too late, and that the company could not carry him any longer, and that his policies were forfeited. Each policy contained the provision that at the expiration

of each period of five years of its continued existence an equitable division of the reserve fund of the company should be made, in the form of a bond, and that the policy of any member who had paid his premiums in advance as they came due, without using any portion of his accumulations in this reserve fund, should be nonforfeitable until all his share therein should be exhausted in payment of such premiums.  During the first five years of the existence of the policies, plaintiff had paid many premiums after the day on which they were due; but notwithstanding this the defendant issued to him two bonds, of $27.28 each.  No bonds were issued to him at the end of the ten years, but he had used none of those which had been issued to him, and still held them; and on May 11, 1903, he formally tendered them to the defendant in payment of the premiums due on the 2d of that month.  Defendant refused to accept them, and thereupon the plaintiff procured assignments of the interests of the beneficiaries of his policies, and brought this action for damages for breach of contract.

The trial court submitted to the jury the question whether or not the defendant, by its course of dealing with the plaintiff, had waived payment of premiums on the exact day on which they fell due, and had led plaintiff to believe by such course that payment on a later day fulfilled the requirements of the policies.  The jury found in plaintiff's favor on these issues, and gave him a verdict for $1,289.78 damages.

The plaintiff proved he was not insurable, having applied for insurance and been rejected by several companies; and his damages were measured by discounting the amount of his two policies for the number of years of his expectancy of life, and deducting from that sum the discounted premiums for the same period.

The appellant insists that the plaintiff could have no right of action for general breach of contract during his own life, and that his only remedy was an equitable action to compel the receipt of his premiums, and his restoration to membership upon the books of the company, and cites the case of Langan v. Supreme Council Am. L. of H., 174 N. Y. 266, 66 N. E. 932, as conclusive upon the proposition.  We think such construction is a misapprehension of the scope of that decision, and that it does not decide that an insured has no right of action for breach of contract where the insurer wrongfully refuses to accept any premiums, and insists that the contract is at an end, and that it is no longer liable to pay the amount stipulated upon the death of the insured.  In that case the insurer had sought by a by-law to reduce the amount of insurance.  The court held that this was a futile attempt, because the insured had a vested right to remain insured for the originally stipulated sum, and that such right could not be, and was not, affected by the action of the association, and hence there had been no actual breach of contract, in such sense as gave the insured an action for damages.  Undoubtedly the plaintiff could have brought his action in equity.  Where a life insurance company, without just cause, declares a policy to have lapsed and to have become void by reason of the policy holder's default, and refuses to have any further dealing with

him a right of action accrues in equity to have the policy adjudged to be in life and force. Meyer v. Knickerbocker Life Ins. Co., 73 N. Y. 516, 29 Am. Rep. 200. But this is not the only remedy. Where there has been an actual breach, and the tendered premiums have been wrongfully refused, and the insurer has declined to further recognize him as a policy holder, and insists that his policy is no longer in force, the insured has, at his election, an action at law to recover the damages which he has suffered, if any, because of the broken agreement. Under such circumstances the policy holder need not necessarily resort to equity to be reinstated, nor need he remain silent, and leave the question of the validity of his policy and the sufficiency of his tender of premium to be established by the beneficiaries thereunder. If there has been a breach, he has sufficient interest in the policy to recover what damages he may have suffered, especially where, as in this case, he has procured an assignment of the rights of the beneficiaries. To such an effect was the holding in the case of Fisher v. Hope Mutual Life Insurance Co., 69 N. Y. 161, and the principle is distinctly enunciated in Speer v. Phœnix Mutual Life Insurance Co., 36 Hun, 322, and in Kenyon v. National Life Insurance Association, 39 App. Div. 293, 57 N. Y. Supp. 60.

But the appellant further insists that the policies were forfeited by nonpayment of the premiums on the day they were due, and that it was error to permit the jury to say whether the course of dealing between the plaintiff and the defendant had been such as to make a tender of payment on a subsequent day effectual. If by its course of dealing the defendant had led the plaintiff to believe that there was an implied agreement on its part to receive the premiums after they became due, if made within a reasonable time, the defendant would be estopped from insisting upon a forfeiture if they were so made; and whether or not this agreement and understanding existed was a question of fact. De Frece v. N. L. I. Co., 136 N. Y. 144, 32 N. E. 556; Kenyon v. K. T. & M. M. A. Ass'n, 122 N. Y. 247, 25 N. E. 299. But in addition, it seems to us that the bond which had been given by the defendant to the plaintiff upon each of the policies, for an amount more than sufficient to pay the premium then due, prevented the defendant from declaring the premium unpaid, especially after the plaintiff demanded that the premium be taken therefrom, and offered to surrender the bonds for that purpose. The plaintiff had continuously paid the premiums for more than 10 years, and by his agreement with the defendant the policies were nonforfeitable for payment of premium until the amounts due on the bonds had been applied for that purpose. If there was any error, therefore, in submitting the question of the course of dealing to the jury, it was immaterial, for the plaintiff had an absolute right to have the premiums paid out of the bonds of the defendant. This the defendant flatly refused to do, and the plaintiff had a right to treat the contract as repudiated by the defendant, and sue for the breach, even though the premiums should be deemed, in law, to have been paid. The defendant cannot complain that the plaintiff has not resorted to equity to show that it was wrong, but should be

content to be taken at its word, and stand by the forfeiture which it itself declared.

The rule of damages adopted is complained of, principally upon the ground, as is asserted by the counsel for the appellant, that the Northampton annuity table, found in the court rules, was used to determine the expectancy of life of the plaintiff, instead of the Northampton tables of mortality. The Northampton tables of mortality were introduced in evidence without objection. Two witnesses were called to prove computations. They testified that the computations they made, which formed the basis of the verdict, were from the "Northampton tables." Nothing appears but what these witnesses used the proper tables, and we must assume that they used the tables which were put in evidence. The defendant made no proof that the expectancy of life of the plaintiff was different from that proved by the plaintiff. This could have been easily done if the plaintiff's figures were wrong. The plaintiff was uninsurable, and the rule of damages adopted, we think, was correct, and was substantially that indicated in Speer v. Phœnix Mutual Life Insurance Co., supra, and in Keyser v. Mutual Reserve Fund Life Association, 60 App. Div. 297, 70 N. Y. Supp. 32, and in Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059. Besides, the defendant does not seem to have raised the objection that the proof tended to establish an improper measure of damages.

Objection was made to the second cause of action in the complaint, on the ground that it did not specifically set forth the allegations of tender of premium and refusal and repudiation of contract. These facts were alleged at length in the first cause of action as to one policy, and were referred to as repeated in respect to the other policy in the second cause of action, but were stated to be omitted for the sake of brevity and to avoid repetition. There could have been no misapprehension on the part of the defendant as to what the plaintiff intended to plead, and we think the court properly overruled the defendant's objection, especially as the pleading was allowed to stand in this form down to the time of trial.

We see no error calling for a reversal of the judgment, and it must be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur.