rent from the time it was due until it was paid. The inability of the landlord to rent the premises after the termination of the lease had no possible relation to a breach by the tenant of any of the covenants to pay rent, and the breach of that covenant was therefore not the proximate cause of the damage for which the plaintiff seeks to recover. The action is one solely for damages from a breach of a covenant of the tenant to pay rent, and the only damage that is alleged is the inability of the landlord to rent the premises after he, by his voluntary act, had terminated the lease and re-entered into possession of the premises. I think he could no more recover for any injury that he sustained in consequence of anything that happened after the termination of the demised term by his voluntary act than he could recover for an inability to rent the property after the termination of the term by the limitation in the lease, and the damage that he sustained after the termination of the lease was not caused by any failure of the tenant to comply with any covenant or condition in the lease.

I think, therefore, this judgment should be affirmed.

---

(120 App. Div. 459)

### CORNELL v. TRAVELERS' INS. CO. OF HARTFORD, CONN.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. INSURANCE—ACCIDENT—PAYMENT OF PREMIUM—EXTENSION OF CREDIT.

　　An agreement to receive an accident insurance premium within a reasonable time after it is due may be inferred from the dealings of the parties.

2. SAME—EVIDENCE—SUFFICIENCY.

　　Evidence in an action on an accident insurance policy *held* to sustain a finding that credit had been extended for the premium.

3. SAME.

　　The provision of an accident insurance policy that it should not take effect, unless the premium is paid prior to an accident, will not defeat recovery when the accident occurs within the time during which credit for the premium has been extended.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 914.]

4. SAME—NOTICE OF ACCIDENT—SUFFICIENCY.

　　There was substantial compliance with an accident policy requiring written notice of injury within 10 days of the accident, where 2 days after insured's drowning the insurer was orally notified of the time and place, and a few days later the company refused to furnish claim blanks, repudiating liability, and 13 days after the accident the beneficiary telegraphed to the main office notice of the death, specifying the accident, the time, and the place, and the same day wrote, repeating the particulars and a request for blanks.

5. SAME—PRESUMPTION OF SUICIDE.

　　Insured's drowning is presumed to result from accident, rather than suicide.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1663.]

Appeal from Trial Term, Kings County.

Action by Emma T. Cornell against the Travelers' Insurance Company of Hartford, Conn. Defendant appeals from a judgment for plaintiff and an order denying a new trial. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frank Verner Johnson, for appellant.

George O. Redington (Aaron J. Colnon, on the brief), for respondent.

JENKS, J. In this action the beneficiary has recovered for a death upon an accident policy of insurance. The court submitted two questions to the jury: First, whether the death was accidental; and, second, whether credit had been extended for the payment of the premium. The jury answered both questions in the affirmative. The court upon the motion of each party for the verdict subsequently directed a verdict for the plaintiff. The principal question at issue was whether the policy was outstanding. It is admitted that the defendant issued a policy dated July 20, 1904, declared effective for 12 months therefrom, and that it was in full force for that period. But as the fatality occurred on August 5, 1905, the question depends upon the fact whether the policy had been renewed so as to cover that day. The original policy was numbered D.15946. It contained these provisions:

"The term of this policy is twelve months beginning at twelve o'clock, noon, standard time, on the twentieth day of July, 1904, and ending at the same hour, but may be renewed from term to term thereafter by the payment of the premium above specified."

"The company may cancel this policy when the insured attains the age of seventy, or at any previous time, by written notice mailed to the insured at the address hereinabove given, with the company's check for the unearned part, if any, of the premium."

It appeared that the assured received a card from the defendant with the numbers policy No. D.15946 and 481220, and reading:

"The renewal premium * * * on the above numbered policy * * * is payable on the 20 day of July, 1905."

The card also read:

"The premium referred to on reverse side will increase the principal sum of your policy 10 per cent. * * * Remember that your policy increases yearly in value for 5 years while premiums remain stationary."

It also appeared that the assured received a bill from the defendant as follows:

The Travelers' Insurance Company, of Hartford, Connecticut.
Metropolitan Branch Office, 31 Nassau Street.

New York City, Aug. 1, 1905.

Mr. H. J. Cornell, to the Travelers' Insurance Company, Dr.
Make checks to the order of the Travelers' Insurance Company.

| No. of Policy. | Date. | Name. | Premium. |
| --- | --- | --- | --- |
| 481220 | Jul. 20 | H. J. Cornell | 13.75 |
| | | Receipt in office. | |

(The words "Aug. 1, 1905," and "Receipt in office" stamped on said exhibit.)

It was practically admitted that this bill referred to the same policy. On the original policy, dated July 20, 1904, the defendant had sent a bill for the premium substantially similar to the bill which I have set forth, dated September 1, 1904, which was paid to and received by the defendant on September 17, 1904. It did not appear that either party took any further step in the matter as to the alleged renewal in any way.

It is settled that an agreement to receive the premium within a reasonable time after it is due may be inferred from the dealings of the parties.   Kelly v. Security Mutual Life Ins. Co., 106 App. Div. 352, 355, 94 N. Y. Supp. 601, citing De Frece v. N. L. Ins. Co., 136 N. Y. 144, 32 N. E. 556; Kenyon v. K. T. & M. M. A. Ass'n, 122 N. Y. 247, 25 N. E. 299.   I think that the evidence was sufficient to sustain a finding that such was the course in this case.   It was represented by the defendant that the payment of the premium renewed the policy, and credit had been extended for the first and the only premium theretofore payable.   Under the decisions in Bowman v. Agricultural Ins. Co., 59 N. Y. 521, and Church v. LaFayette Fire Ins. Co., 66 N. Y. 222, such fact warranted a submission of this question to the jury. The extension of credit upon the first premium had been for 59 days from the date of the policy, and payment had been made 17 days after the bill was rendered.   In the face of such periods, and in the absence of any action towards the cancellation of the policy, the jury would have been warranted in the finding that the credit on the second period extended over the day of the accident.   It is admitted that the premium was tendered and refused on September 1, 1905.   To apply the test suggested in Sheldon v. Atlantic Fire & Marine Ins. Co., 26 N. Y. 460, 84 Am. Dec. 231, if the defendant had sued the assured for the premium, would not his conduct have warranted a finding that he had accepted the renewal and was therefore liable for the premium?   I think so.   In Shay v. National Benefit Society, 54 Hun, 109, 7 N. Y. Supp. 287, it was held that the act of the defendant in sending out a second notice was an invitation to the assured necessarily involving a waiver of any existing forfeiture and an implied promise to accept the assessment within the period as originally required. So far as the provision in the policy, "this policy shall not take effect unless the premium is paid previous to any accident under which claim is made," I think that the defendant is in no position to raise it as applicable to a time within such extension of credit.   This further provision is also invoked by the defendant:

"No claim hereunder shall be invalid unless written notice of any injury, fatal or nonfatal, for which claim can be made, is given to the company at Hartford, Connecticut, or to the agent whose name and address are printed hereon, within ten days from the date of the accident."

It appears that on the 7th of August, two days after the accident, the witness Wood went to the office of the defendant and there said that he wished to report the death by accident of the assured, and that thereupon a clerk wrote on the back of the bill for premium:  "Beach Lake, Penn., 4:30 p. m., Saturday."  The assured was drowned at that place at that time.   On the following Wednesday the witness returned and asked for claim blanks to fill out.   The witness informed the clerk that his errand concerned the death of the assured.   The clerk replied that the company repudiated the case, and asked the witness to see Mr. Whitney.   The policy had been countersigned by Mr. Whitney, "Agent, Comptroller New York Office."   Mr. Whitney himself refused the blanks, and said that there was no claim under the policy, that they ignored it, and therefore they refused to give out the blanks. On the 18th of that month the beneficiary telegraphed to the main office

notice of the death, specifying the accident, the time,, and the place, and the same day wrote to the main office repeating the particulars, stating the conduct and attitude of Mr. Whitney and repeating a request for blanks. This provision must receive a "liberal and reasonable construction in favor of the beneficiary under the contract." Trippe v. P. F. Society, 140 N. Y. 26, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. Rep. 529; Kerr on Insurance, 466. I think that there was a substantial compliance with the provision in view of the attitude of the defendant. In fact, it seems to me that this attitude of the defendant "cut off the very root of the mutual obligation" and precludes the defendant from complaint of further noncompliance. St. Louis Dressed Beef & P. Co. v. Maryland Casualty Co., 201 U. S. 173–180, 26 Sup. Ct. 400, 50 L. Ed. 712. The evidence was sufficient to sustain the finding of fact of accidental drowning. Under the circumstances the presumption was that the death was due to accident rather than suicide. Mallory v. Travelers' Ins. Co., 47 N. Y. 52, 7 Am. Rep. 410.

The judgment and order should be affirmed, with costs. All concur.