(67 Misc. Rep. 437.)

### GROSSMAN v. LINDEMANN et al.

#### (Supreme Court, Appellate Term. May 24, 1910.)

1. INSURANCE (§ 347*)—PLEDGE OF INSURANCE POLICY—RIGHT TO COLLECT.
    The pledgee of an insurance policy, who holds it as collateral, in the absence of a distinct provision permitting its sale, has only the right to collect, and has not the right to sell or surrender it; and if the pledgee does wrongfully surrender the policy the debt is satisfied to the extent of the value of the security surrendered.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 347.*]

2. WITNESSES (§ 192*)—COMPETENCY—HUSBAND AND WIFE.
    In an action on a note against plaintiff's wife and another, the defendants pleaded a gift of the interest. Held, that communications by plaintiff to his wife, sufficient to establish an executed gift of the interest, were material, and were admissible, as they were business communications, and not confidential, or induced by the marital relation.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 739; Dec. Dig. § 192.*]

3. INSURANCE (§ 347*)—PLEDGE OF INSURANCE POLICY—SURRENDER BY PLEDGEE—LIABILITY.
    Where the pledgee of a full-paid life insurance policy surrenders the same to the company, he must either restore to the pledgor a full-paid policy on the life of insured for an equal amount or be held liable for its face value; and in an action on a note, in which defendant sets up the pledge of such a policy for $2,000, and that plaintiff surrendered the same for $1,240, which he applied on the note, defendant should have been allowed to show that the insured was no longer an insurable risk, thus eliminating the possibility of restoring to the pledgor a policy on his life.
    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 347.*]
    Lehman, J., dissenting in part.

---

Appeal from City Court of New York, Special Term.

Action by Martin J. Grossman against Margarethe Lindemann and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Lewis S. Goebel, for appellant.

Frederick B. Merkle, for respondents.

LEHMAN, J. The plaintiff sued upon a promissory note for $2,-000, in which he alleged that the sum of $1,240 had been paid. At the trial the note was introduced in evidence, and showed on its face that the defendants deposited, as collateral security for the payment of the note, a full-paid $2,000 insurance policy on the life of Philip Lindemann. The plaintiff testified that he had surrendered the policy and received therefor the sum of $1,240.

Since the policy is an instrument for the payment of money, its deposit as collateral security, in the absence of a distinct provision permitting its sale, gave the plaintiff only the right to collect, and not to sell or surrender. Wheeler v. Newbould, 16 N. Y. 392. If he does surrender the policy wrongfully, the debt is satisfied to the extent of the value of the security surrendered. The value of the policy is not the surrender value. Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059. Presumptively the value is the face value of the instrument (Hawks v. Hinchcliff, 17 Barb. 492); but the actual value may be shown (Griggs v. Day, 136 N. Y. 152, 32 N. E. 612, 18 L. R. A. 120, 32 Am. St. Rep. 704). The defendants should have been permitted to show that the insured was no longer an insurable risk, and the face value of the policy, properly discounted to the actual or probable date of his death, would be the actual value of the surrendered collateral. Kelly v. Security Mutual Life Insurance Co., 106 App. Div. 352, 94 N. Y. Supp. 601, reversed on other points 186 N. Y. 16, 78 N. E. 584; Toplitz v. Bauer, supra.

The defendants also pleaded a gift of the interest. One of the defendants is the wife of the plaintiff, and she was precluded from testifying as to conversations with her husband on the ground that they were confidential communications. If the communications were sufficient to establish an executed gift, they were material, and in any event they were business communications, and not confidential, nor induced by the marital relation. Parkhurst v. Berdell, 110 N. Y. 386, 393, 18 N. E. 123, 6 Am. St. Rep. 384.

The trial justice properly set aside his direction of a verdict, and his order should be affirmed, with costs.

PAGE, J. I concur in all of the opinion by Mr. Justice LEHMAN, except the statement that the actual value may be shown, and that the actual value was the face value, discounted to the actual or probable date of the death of the insured. The policy pledged as collateral was a full-paid policy for $2,000. By the surrender of this policy, without the authorization or consent of the pledgor, the pledgee converted the collateral. Having converted it, he must either restore to the pledgor a full-paid policy on the life of the insured for the amount of $2,000,

or be held liable for its face value. Bailey v. American Deposit & Loan Co., 52 App. Div. 402, 65 N. Y. Supp. 330, affirmed 165 N. Y. 672, 59 N. E. 1118, on opinion below; Colebrooke on Collat. Security, § 96. It may be that the defendants might be able to show that, owing to the insolvency of the insurance company, the actual value of the policy was less than its face value (Griggs v. Day, 136 N. Y. 153, 32 N. E. 612, 18 L. R. A. 120, 32 Am. St. Rep. 704); but even that is not clear when we consider the language of the court on a subsequent appeal. See Griggs v. Day, 158 N. Y. 1, 17, 52 N. E. 692. But that would be upon the theory that the face value would not be paid at maturity. I know of no case that holds the pledgee, who has converted the collateral, liable only for the discounted value at the date of the conversion. The defendants should have been allowed to show that the insured was no longer an insurable risk, thus eliminating the possibility of restoring to the pledgor a policy on his life.

The case of Kelly v. Security Mutual Life Ins. Co., 106 App. Div. 352, 94 N. Y. Supp. 601, was an action by a policy holder against the company for declaring it lapsed without just cause. The measure of damage in such a case would not be the same as in the case at bar. In Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059, the insurance company had canceled the policy for nonpayment of a premium, and the only deduction suggested was the value of the premium necessary to keep the policy alive. In the case at bar the policy was fully paid.

SEABURY, J., concurs with PAGE, J.