(85 Misc. Rep. 141)

### RAYMOND v. SUPREME LODGE, KNIGHTS OF PYTHIAS OF THE WORLD.

(Supreme Court, Special Term, Montgomery County. April, 1914.)

1. INSURANCE (§ 754*)—TENDER OF ASSESSMENT—WAIVER—CANCELLATION OF POLICY.

Where the holder of a benefit certificate payable to his wife refused to pay assessments increased above a certain amount in violation of the terms of the policy, but regularly tendered the amount fixed by the policy until notified of its cancellation, the act of the benefit association in canceling the policy excused the making of any further tender of assessments as a condition precedent to the beneficiary's right to sue the association for damages.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1906; Dec. Dig. § 754.*]

2. INSURANCE (§ 765*)—BREACH OF CONTRACT—REMEDIES.

The existence of a right of action in equity to have an insurance policy adjudged to be in force, which arises when the insurer wrongfully cancels

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the policy for alleged default of the policy holder, does not preclude the beneficiary from suing the insurer for breach of contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1927; Dec. Dig. § 765.*]

Action by Mary E. Raymond against the Supreme Lodge, Knights of Pythias of the World. Demurrer to complaint. Overruled.

Harry V. Borst, of Amsterdam, for plaintiff.

John J. McCall, of Albany, for defendant.

VAN KIRK, J. This is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges facts sufficient to support the following: The defendant is a foreign corporation, organized under the laws of the state of Indiana, duly authorized to insure, and engaged in the business of insuring, members of the Knights of Pythias. Andrew Raymond, the deceased, at the time the policy of insurance was issued and at all times until his death, February 7, 1912, was a member in good standing of the said Knights of Pythias, and was a resident of Montgomery county; the policy was issued January 25, 1909, and was outstanding and valid until January, 1911, up to which time the insured paid all the required fees and assessments; at the time the policy was issued the amount of the monthly fee or assessment, to be paid in future, was fixed and determined at $3.10; the policy was in the sum of $1,000, to be paid to the beneficiary at the death of the insured; this plaintiff, the wife of the insured, was named as beneficiary in the policy, and remained such until his death; in January, 1911, the monthly due or assessment was increased above the agreed amount to the sum of $——— (the amount is not stated in the complaint); deceased refused to pay the increased amount, and tendered regularly the amount as fixed and determined at the time the policy was issued, until informed by the defendant that said amount would not be accepted, and the policy was thereupon canceled. The complaint concludes:

That, "by reason of the premises and the wrongful acts of the defendant, there has accrued to the plaintiff a cause of action against the defendant to recover the said sum of $1,000. * * *"

[1] Until the death of Raymond the beneficiary had only a contingent interest in the policy. It is stated in plaintiff's brief, but not in the complaint, that, under the policy, the insured has the right at any time up to his death to change the beneficiary. The beneficiary's interest was also contingent upon the policy being a valid contract obligation to the death of the insured. There is nothing in the complaint to show that, during the lifetime of the deceased, the beneficiary had a vested interest. She had no more interest than has a legatee under a will before it takes effect, and she had no pecuniary investment in the policy. Sabin v. Phinney, 134 N. Y. 423, 428, 31 N. E. 1087, 30 Am. St. Rep. 681; Smith v. National Benefit Soc., 123 N. Y. 88, 25 N. E. 197, 9 L. R. A. 616. She, therefore, probably could not maintain an action for breach of the contract until after the death of the deceased. It was then defendant failed to perform as to her, and she sustained

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the injury which was the cause of damage occasioned by the nonperformance of the contract by defendant. Shaw v. Republic Ins. Co., 69 N. Y. 293. The cancellation was a positive, continuing declaration by defendant that it would not make performance in the future. The plaintiff and the insured were each excused from performance, or from tender of performance; and plaintiff may pursue her action when she suffers injury from the breach. Id. This need not be viewed as an action to recover upon a valid, outstanding policy of insurance, in which case allegations of proof of loss and nonpayment are essential. De Grove v. Metropolitan I. Co., 61 N. Y. 594, 19 Am. Rep. 305; Gill v. Ætna Live S. I. Co., 82 Hun, 363, 31 N. Y. Supp. 485. The action here may be regarded as one for damages consequent upon a breach by defendant of its contract to keep Raymond insured during his life upon his compliance with the terms thereof and to pay plaintiff $1,000 upon his death. But, should this be viewed as an action to recover an indebtedness upon a valid policy, it would be a vain act for plaintiff to file proof of loss after a cancellation of the contract, and nonpayment may be fairly inferred to follow cancellation. Indeed the cancellation is equivalent to a declaration that they will not pay, and an allegation that they have not paid. Knickerbocker Life I. Co. v. Pendleton, 112 U. S. 696, 709, 6 Sup. Ct. 74, 29 L. Ed. 432; Shaw v. Republic Ins. Co., supra; Gill v. Ætna Live S. I. Co., supra, 82 Hun, 365, 31 N. Y. Supp. 485.

[2] The right of action in equity, to have the policy adjudged to be in life and force, which arises when an insurance company cancels a policy because of the default of the policy holder, is not the only remedy. Kelly v. Security Mut. L. I. Co., 106 App. Div. 352, 354, 94 N. Y. Supp. 601. I conclude, therefore, that a cause of action for breach of contract may be proven under the complaint.

The demurrer is therefore overruled, with costs, with leave to the defendant to withdraw the demurrer and otherwise plead. A decision directing judgment accordingly may be presented.

Demurrer overruled, with costs, with leave to defendant to withdraw.