CIPRIANO v. SOCIETA SAN SALVATORE.

(Municipal Court of City of New York, Borough of Manhattan, First District. February 19, 1916.)

1. INSURANCE ⚙719—MUTUAL BENEFIT INSURANCE—CONTRACT—BY-LAWS—SUBSEQUENT PROVISIONS AFFECTING BENEFITS—VALIDITY.

Where, after plaintiff became a member of a benevolent society, the by-laws were amended so as to exclude from sick benefits all those living outside Greater New York, and he thereafter removed from Greater New York and continued paying assessments, he was nevertheless entitled to sick benefits, since the amendment was as to him invalid, as impairing the obligation of his contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⚙719.]

2. INSURANCE ⚙719—MUTUAL BENEFIT INSURANCE—CONTRACT—BY-LAWS—SUBSEQUENT PROVISIONS AFFECTING BENEFITS—INVESTMENT.

In becoming a member of such society plaintiff made an investment, which gave him vested rights to the sick benefits as provided at the time of his becoming a member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. ⚙719.]

3. INSURANCE ⚙724—MUTUAL BENEFIT INSURANCE—CONTRACT—BY-LAWS—SUBSEQUENT PROVISIONS AFFECTING BENEFITS.

In such case plaintiff was not estopped to claim sick benefits by making payments of dues to the society after removing from Greater New York.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1837, 1866–1868; Dec. Dig. ⚙724.]

Action by Francesco Cipriano against the Societa San Salvatore. Submitted on agreed statement of facts. Judgment for plaintiff.

P. Francis Marro, of New York City, for plaintiff.
Jerome J. Licari, of New York City, for defendant.

OPPENHEIMER, J. This case was submitted to me on an agreed state of facts. Prior to and on the 13th day of October, 1910, the plaintiff was and still is a member of the defendant, a benevolent society. On that day the by-laws of the defendant were amended, so as to exclude from receiving "sick benefits" any member residing outside of the Greater New York. After said date the plaintiff took up his residence in Jersey City. On August 18, 1915, the plaintiff became and still remains quite sick. The plaintiff claims $86 "sick benefits." There is no question but that the plaintiff's wife would be entitled to a "death endowment" in the event of his death. After the plaintiff's departure

from the city of New York, the defendant received from him the same amount of dues as he had paid prior thereto. Is the plaintiff entitled to the $86?

[1] In the case of Poultney v. Bachman, reported in 31 Hun, 49, the justice writing the opinion of the court says, on page 52:

"This society is benevolent in its design. It aids its sick members from funds arising from dues and entrance fees and the like. Now, there might be such an amount of sickness as would rapidly exhaust all the funds, so that they would prove insufficient for demands upon them. It is well, therefore, that the society should retain a power of control, by which it may diminish or increase its 'benefits' according to its ability."

The Illinois and Indiana cases cited by the defendant's attorney are substantially of the same tenor. See Fullwender v. Supreme Council, 180 Ill. 621, 54 N. E. 485, 72 Am. St. Rep. 239; Supreme Lodge Knights of Pythias v. Knight, 117 Ind. 489, 20 N. E. 479, 3 L. R. A. 409. The text in Bacon on Benefit Societies is in harmony with the authorities just cited. In a case decided by the Court of Appeals in 1909 it was held that:

"Benefits cannot be reduced, or new conditions forfeiting benefits added, by an amendment to the by-laws, even when the general right to amend is expressly reserved. Hence, the amendments which assume to cut down the benefits to which the plaintiff became entitled by his contract are void and of no effect." Wright v. Knights of Maccabees, 196 N. Y. 392, 89 N. E. 1078, 31 L. R. A. (N. S.) 423, 134 Am. St. Rep. 838.

In this case Judge Vann (196 N. Y. at page 401, 89 N. E. at page 1081, 31 L. R. A. [N. S.] 423, 134 Am. St. Rep. 838) approvingly quotes from the language of Judge Cullen in another Court of Appeals case as follows:

"It is quite easy for fraternal organizations, such as the defendant, if they deem the provisions for benefits to their members tentative only, and desire to have them subject to such modification as the business of the orders may require, to express that in the certificate."

In the case of Ayers v. Ancient Order of United Workmen, 188 N. Y. 280, 80 N. E. 1020, it was held that a certificate of membership should become void if the insured thereafter "entered into the business or occupation of selling, by retail, intoxicating liquor as a beverage." It was held in that case:

"That one party should not have the right to make a radical change in the contract, or one that would reduce its pecuniary value to the other."

See, also, Raymond v. Supreme Lodge Knights of Pythias, 85 Misc. Rep. 141, 148 N. Y. Supp. 76.

In 196 N. Y. at page 403, 89 N. E. at page 1081, 31 L. R. A. (N. S.) 423, 134 Am. St. Rep. 838, in the case of Wright v. Knights of Maccabees, supra, language is used which is quite apropos to the case at bar:

"While the defendant may doubtless so amend its by-laws * * * as to make reasonable changes in the methods of administration, the manner of conducting its business, and the like, no change can be made which will deprive a member of a substantial right conferred expressly or impliedly by the contract itself."

That is beyond the power of the Legislature, as well as the association, for the obligation of their contract is protected by the federal Constitution. See the recent case of Green v. Royal Arcanum, 206 N. Y. 597, 100 N. E. 411.

The following very strong language by Judge Martin may be applied to the case I am considering:

"If it be true that the defendant cannot successfully continue its business upon the plan it has established without disregarding its contracts, * * * no unmitigated calamity will be liable to befall the community in which its business is transacted by its suspension, or by a final dissolution of the Association." Vought v. Eastern Bldg. & Loan Ass'n, 172 N. Y. 508, 65 N. E. 496, 92 Am. St. Rep. 761.

Counsel for the defendant claims that "sick benefits" are not vested rights, and cites the case of Poultney v. Bachman, supra. Why sick benefits are to be distinguished from "death endowments," so far as vested rights in them are concerned, is inconceivable to me. It is conceded by the defendant's attorney that upon the death of the plaintiff his wife would be entitled to a certain amount of money called a "death endowment." In the one case a "sick benefit" is payable when a member becomes sick, and in the other a "death endowment" is payable when a member dies. The only direct financial interest which a member in the defendant's society has is the payments promised to him in the event of his sickness. An amendment could be adopted by the organization providing that nonresident members must procure affidavits from reliable physicians certifying to the sickness of such members.

[2, 3] The defendant's attorney also contends that the plaintiff is estopped from claiming the sick benefits because he continued to pay his dues after his departure from the city of New York. But so far as the estoppel of the defendant is concerned by reason of the fact that it received the plaintiff's dues after he left the city of New York, the defendant's attorney claims that this did not constitute a waiver by the defendant, and cites Penachio v. Saati, 33 Misc. Rep. 751, 67 N. Y. Supp. 140; McVoy v. Keller, 36 Misc. Rep. 803, 74 N. Y. Supp. 842.

I do not see a legitimate ground for the distinction in favor of the defendant; particularly so when we take into consideration the fundamental principle that forfeitures are not favored by the law. The plaintiff had a vested right to "sick benefits," of which the society could not divest him without his explicit consent. Not only native, but many thousands of foreign-born, citizens become members of fraternal associations. Affiliations with such associations constitute investments.

If the defendant wished to bind the plaintiff by a modification of the constitution and by-laws depriving him of "sick benefits" in case of his illness while a nonresident of the city of New York, there should have been a provision in the by-laws to that effect, at the time he became a member, in specific and unmistakable terms.

For the reasons stated I shall render judgment for the plaintiff on the merits for the sum of $86 and grant five days' stay.