MAURICE H. SIMSON, Appellant, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.

First Department, January 30, 1942.

*Harry J. Coman*, for the appellant.

*Charles J. Nehrbas* of counsel [*Henry C. Moses* with him on the brief; *Moses, Nehrbas & Tyler*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff insured brought this action on an accident policy to recover damages for disability arising from violent, external and accidental means. Plaintiff claimed that on November 15, 1938, he opened a drawer in a desk in his office which had become jammed and that in doing so he exerted considerable force. He testified that when the drawer finally opened, " I felt a very sharp

sudden pain. It was more like the feeling of, well, like if you are having a piece of a string and you are sort of pulling it apart until it gradually snaps." This pain recurred every day, interfered with his work and reduced his ability to work. Shortly afterwards a swelling appeared in the neighborhood of the groin which increased in size. On the twenty-ninth of November he consulted a doctor. The swelling at this time had substantially increased and the pain had become almost continuous. On January twentieth he was operated on in Lenox Hill Hospital for a strangulated hernia.

The record is made up of testimony of the plaintiff and his secretary. No witnesses were called on behalf of the defendant. The jury brought in a verdict for $500, the amount due under the policy for disability during the period involved. The trial justice set aside the verdict and dismissed the complaint on the ground that the injury was not caused by violent, external and accidental means and that proper notice had not been given the company. This holding was erroneous. A rupture resulting from an unusual exertion in opening a drawer may well be held by the triers of the facts to be an accidental consequence of violent and external exertion. The occurrence clearly falls within the causes defining accidents from violent, external and accidental means. (*Meyer* v. *New York Life Ins. Co.*, 249 App. Div. 243; *Lewis* v. *Ocean Accident & Guarantee Corp.*, 224 N. Y. 18.)

On this appeal the defendant claims that in any event there should be no recovery because the insured did not give the proper notice required under the policy and the proper proofs of loss. The policy required that notice be given within twenty days following disability. The testimony shows that on December first plaintiff wrote, and his secretary mailed, notice to the company that he had suffered partial disability as a result of his effort to open the drawer and that he was under a doctor's care. The defendant claimed that no such letter had ever been received by it. The letter was improperly excluded but its contents were stated without objection by the court to the jury. The question of whether the letter was in fact mailed and had been received by the defendant was submitted to the jury as a question of fact. Their verdict indicates a finding that the letter had been received.

As for the claim that the plaintiff failed to comply with the provisions requiring the filing of proofs of loss, the record indicates that while the plaintiff was in the hospital he was visited by defendant's representative, that he asked for proofs of loss and that the agent refused to give the insured the forms unless the insured would sign a statement to the effect that he had not given the company notice of the accident. Plaintiff naturally refused to make any

such admission as this. Repeated requests were made both to the company and the claim agent for forms which they still refused to give him. Under these circumstances further proofs of loss were certainly waived. (*Cornell* v. *Travelers' Insurance Co.*, 120 App. Div. 459; affd., 192 N. Y. 587.)

The judgment appealed from should be reversed, with costs, and the verdict of the jury reinstated.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the verdict of the jury reinstated.